**WAYNE GREENWALD, P.C.**
*Attorneys for Plaintiff ,*
*INT Sociedad Anomina*
**at 475 Park Avenue South - 26th Floor**
**New York, NY 10016**
**212-983-1922**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**INT SOCIEDAD ANOMINA**

<div style="padding-left:6em">Plaintiff,</div>

Civ No.  17-514

-against-

**NEW RISE BRANDS HOLDINGS, LLC.,**
**APEX BRANDS INTERNATIONAL LLC,**
**IP HOLDINGS UNLTD, LLC, AND**
**ALLYSON HACKMAN,**

<div style="padding-left:6em">Defendants.</div>

---

### AMENDED COMPLAINT

INT Sociedad Anomina ("INT") by its attorneys as and for its complaint states:

### PARTIES JURISDICTION AND VENUE

1.  The Plaintiff, INT, is an entity created under the laws of Guatemala.

2.  INT's principal place of business is located in Guatemala.

3.  Upon information and belief, the Defendant, New Rise Brands Holdings, LLC. ("New Rise") is an entity created under the laws of California.

4.  Upon information and belief, the Defendant New Rise, maintains offices at 512 7th Avenue, New York, NY.

5. Upon information and belief, the Defendant, New Rise Brands Holdings, LLC. ("New Rise") is an entity created under the laws of California.

6. Upon information and belief, the Defendant New Rise, maintains offices at 512 7th Avenue, New York, NY.

7. Upon information and belief, the Defendant, Apex Brands International LLC ("Apex") is an entity created under the laws of the State of Delaware.

8. Upon information and belief, the Defendant Apex, maintains offices at 512 7th Avenue, New York, NY.

9. Upon information and belief, the Defendant, IP Holdings Unltd, LLC ("Iconix") is an entity created under the laws of the State of Delaware.

10. Upon information and belief, the Defendant, Iconix maintains offices at 1450 Broadway, 3rd Floor, New York, NY.

11. Upon information and belief, the Defendant, Allyson Hackman, is an individual residing in New York State.

12. Upon information and belief, the transactions described in this Complaint occurred within the Southern District of New York.

13. This Court has subject matter jurisdiction over this action based on 28 U.S.C. § 1332 as the controversy in this civil action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state

14. This district is the appropriate district for this action, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims stated herein occurred

-2-

within the Southern District of New York.

## ALLEGATIONS RELATED TO ALL CLAIMS

15.   The Plaintiff restates the allegations contained in paragraphs numbered "1" through "14 of this Complaint with the same force and effect as if stated fully hereat.

16.   Upon information and belief, Iconix funded Apex.

17.   Upon information and belief, Iconix funded Apex by providing Apex with $6,000,000.

18.   Upon information and belief, Iconix funded Apex so Iconix would either own or control Apex.

19.   Upon information and belief, the persons responsible for overseeing Apex's operations were once Inconix employees.

20.   Upon information and belief, Apex's equity security interests were distributed 60% to Kevin Yap and 40% to Rodney Hutton.

21.   Upon information and belief, Rodney Hutton was an Iconix executive vice president.

22.   Upon information and belief, Allyson Hackman did most of the purchasing for Apex.

23.   Upon information and belief, Allyson Hackman was a former Iconix officer.

24.   Upon information and belief, Iconix and its personnel directed Apex's operations.

25.   Upon information and belief, New Rise was as conduit for money into Apex.

26.   Upon information and belief, Iconix did not want a visible relationship with Apex.

27.   Upon information and belief, Iconix's initial $6,000,000, went to the Peoples Republic of China.

28.   Upon information and belief, Iconix's initial $6,000,000, paid to the Peoples Republic of

-3-

China was ultimately received by Apex.

29.     Upon information and belief, New Rise was to receive accounts receivable owed to Apex based on Apex's sales.

30.     Upon information and belief, New Rise was to pay the manufacturers for the goods sold and shipped to Apex.

31.     Upon information and belief, New Rise did not pay vendors.

32.     Upon information and belief, New Rise did not pay vendors because Apex/Iconix did not fund payments.

33.     On, about and between, May 1, 2015 and July 15, 2015, INT sold and delivered to Apex and New Rise goods (the "Goods") having the agreed price of $1,227,115.87 (the "Debt").

34.     The Goods are identified in the invoices annexed hereto as Exhibit "A" collectively (the "Invoices").

35.     On, about and between, May 1, 2015 and July 15, 2015, INT sold and delivered to Apex and New Rise Goods having the reasonable value of the Debt.

36.     Upon information and belief, in December 0f 2015 a *de facto* merger occurred between Apex and New Rise.

37.     Upon information and belief, Allyson Hackman, acted on behalf of Apex and New Rise in ordering the Goods sold and delivered to Apex and New Rise.

38.     Upon information and belief, when Allyson Hackman ordered the Goods from INT for Apex and New Rise, Allyson Hackman was also acting as an agent for Iconix.

39.     Upon information and belief, when Allyson Hackman ordered the Goods from INT for

-4-

Apex and New Rise, Allyson Hackman was also acting as an agent for Iconix in connection with Iconix's relationship with Apex and New Rise.

40.    The Goods were delivered by INT to Apex and New Rise,

## FIRST CLAIM FOR RELIEF
### Against Apex

41.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "40" of this Complaint with the same force and effect as if stated fully .

42.    The Plaintive sold and delivered the Goods to the Apex's request.

43.    The Goods were of the reasonable value or agreed price of the Debt.

44.    INT demanded that Apex pay the Debt for the Goods sold and delivered by INT to Apex.

45.    Except for $80,000 INT received no payment for the Goods sold and delivered by INT to Apex.

46.    By reason of the foregoing, INT has suffered damages.

47.    By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015.

## SECOND CLAIM FOR RELIEF
### Against New Rise

48.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "47" of this Complaint with the same force and effect as if stated fully

49.    The Plaintive sold and delivered the Goods to the New Rise's request.

50.    The Goods were of the reasonable value or agreed price of the Debt.

-5-

51.  INT demanded that New Rise pay the Debt for the Goods sold and delivered by INT to New Rise.

52.  Except for $80,000 INT received no payment for the Goods sold and delivered by INT to New Rise.

53.  By reason of the foregoing, INT has suffered damages.

54.  By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015.

## THIRD CLAIM FOR RELIEF
### Against New Rise

55.  The Plaintiff restates the allegations contained in paragraphs numbered "1" through "54" of this Complaint with the same force and effect as if stated fully hereat.

56.  INT provided New Rise with the Invoices.

57.  New Rise did not protest the Invoices within a reasonable time.

58.  On September 3, 2015, August 27, 2015, INT provided New Rise with statements of New Rise's account with INT.

59.  New Rise did not protest the statements of New Rise's account with INT within a reasonable time.

60.  By reason of the foregoing an account stated exists between INT and New Rise.

61.  Except for $80,000 INT received no payment for the Goods sold and delivered by INT to Apex or the account state between New Rise and INT

62.  By reason of the foregoing, INT has suffered damages.

63.     By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015.

## FOURTH  CLAIM FOR RELIEF
### Against New Rise

64.     The Plaintiff restates the allegations contained in paragraphs numbered "1" through "63" of this Complaint with the same force and effect as if stated fully hereat.

65.     Upon information and belief, New Rise received the Goods.

66.     Upon information and belief, New Rise derived an economic benefit from the Goods.

67.     Upon information and belief, New Rise deriving an economic benefit from the Goods enriched New Rise.

68.     New Rise was enriched at INT's expense.

69.     It is against equity and good conscience to permit New Rise to retain the economic benefit from the Goods without paying INT the Debt.

70.     By reason of the foregoing, INT has suffered damages.

71.     By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015.

## FIFTH  CLAIM FOR RELIEF
### Against Apex

72.     The Plaintiff restates the allegations contained in paragraphs numbered "1" through "71" of this Complaint with the same force and effect as if stated fully hereat.

73.     Upon information and belief, Apex received the Goods.

-7-

74.   Upon information and belief, Apex derived an economic benefit from the Goods.

75.   Upon information and belief, Apex deriving an economic benefit from the Goods
      enriched Apex.

76.   Apex was enriched at INT's expense.

77.   It is against equity and good conscience to permit Apex to retain the economic benefit
      from the Goods without paying INT the Debt.

78.   By reason of the foregoing, INT has suffered damages.

79.   By reason of the foregoing, INT has suffered damages in a sum to be determined at trial
      but not less than $1,155,922.49 with interest thereon from June 16, 2015.

## SIXTH CLAIM FOR RELIEF
### Against Iconix

80.   The Plaintiff restates the allegations contained in paragraphs numbered "1" through "79"
      of this Complaint with the same force and effect as if stated fully hereat.

81.   Upon information and belief, Iconix received the Goods.

82.   Upon information and belief, Iconix derived an economic benefit from the Goods.

83.   Upon information and belief, Iconix deriving an economic benefit from the Goods
      enriched Iconix.

84.   Iconix was enriched at INT's expense.

85.   It is against equity and good conscience to permit Iconix to retain the economic benefit
      from the Goods without paying INT the Debt.

86.   By reason of the foregoing, INT has suffered damages.

87.    By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015.

## SEVENTH  CLAIM FOR RELIEF
### Against Apex and Iconix

88.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "90" of this Complaint with the same force and effect as if stated fully hereat.

89.    Upon information and belief, Iconix and Apex generated a scheme though which Iconix and/or Apex and/or New Rise would receive INT's Goods without Iconix and/or Apex and/or New Rise paying INT for the Goods (the "Scheme").

90.    Upon information and belief, as part of the Scheme Iconix and Apex intended that Iconix and/or Apex and/or New Rise would receive INT's Goods without Iconix and/or Apex and/or New Rise paying INT for the Goods.

91.    Upon information and belief, Iconix and Apex executed that Scheme.

92.    The Scheme was a scheme to defraud INT in providing the Goods to New Rise, Apex and Iconix with the expectation that INT would be paid for the Goods.

93.    INT expected to be paid for the Goods.

94.    Upon information and belief,  New Rise and/or Apex and/or  Iconix received the Goods.

95.    Upon information and belief,  New Rise and/or Apex and/or  Iconix derived economic benefit from the Goods.

96.    INT has not been paid for the Goods, except for $80,000.

97.    By reason of the foregoing, INT has suffered damages.

98.  By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015, plus punitive damages in a sum of not less than $2,000,000.

### EIGHTH CLAIM FOR RELIEF
### Against Allyson Hackman

99.  The Plaintiff restates the allegations contained in paragraphs "1" through "98" of this Complaint with the same force and effect as if stated fully hereat.

100. Upon information and belief, Allyson Hackman was aware of the Scheme to defraud INT.

101. Upon information and belief, Allyson Hackman gave substantial assistance in achieving the Scheme to defraud INT.

102. By reason of the foregoing, INT has suffered damages.

103. By reason of the foregoing, INT has suffered damages in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon from June 16, 2015, plus punitive damages in a sum of not less than $2,000,000.

**WHEREFORE**, the Plaintiff asks for judgment against the Defendants as follows.

**FIRST CLAIM FOR RELIEF**:  A money judgment in INT's favor and against Apex in a sum to be determined at trial but not less than the principal sum of  $1,155,922.49 with interest thereon from June 16, 2015 at the rate of 9% per annum.

**SECOND CLAIM FOR RELIEF:**  : A money judgment in INT's favor and against New Rise in a sum to be determined at trial but not less than the principal sum of  $1,155,922.49

with interest thereon from June 16, 2015 at the rate of 9% per annum.

**THIRD CLAIM FOR RELIEF:** A money judgment in INT's favor and against New Rise in a sum to be determined at trial but not less than the principal sum of $1,155,922.49 with interest thereon from June 16, 2015 at the rate of 9% per annum.

**FOURTH CLAIM FOR RELIEF:** A money judgment in INT's favor and against New Rise in a sum to be determined at trial but not less than the principal sum of $1,155,922.49 with interest thereon from June 16, 2015 at the rate of 9% per annum.

**FIFTH CLAIM FOR RELIEF:** A money judgment in INT's favor and against Apex in a sum to be determined at trial but not less than the principal sum of $1,155,922.49 with interest thereon from June 16, 2015 at the rate of 9% per annum.

**SIXTH CLAIM FOR RELIEF:** A money judgment in INT's favor and against Iconix in a sum to be determined at trial but not less than the principal sum of $1,155,922.49 with interest thereon from June 16, 2015 at the rate of 9% per annum.

**SEVENTH CLAIM FOR RELIEF:** A money judgment in INT's favor and against Iconix and Apex in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon at 9% from June 16, 2015, plus punitive damages in a sum of not less than $2,000,000.

**EIGHTH CLAIM FOR RELIEF:** A money judgment in INT's favor and against Allyson Hackman in a sum to be determined at trial but not less than $1,155,922.49 with interest thereon at 9% from June 16, 2015, plus punitive damages in a sum of not less than $2,000,000.

The Plaintiff's costs and disbursements incurred in this case; and Such other and further relief as

the Court deems proper.

Dated: New York, New York
February 10, 2017

WAYNE GREENWALD, P.C.
*Attorneys for Plaintiff,*
*INT Sociedad Anomina*
at 475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922

By: /s/ Wayne M.Greenwald     Pres.
Wayne M. Greenwald